**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**THE NETHERLANDS INSURANCE COMPANY,**
**as Subrogee of Elemental Surf and Skate Shop**
62 Maple Avenue
Keene, NH 03431

Plaintiff

v.

**ATLANTIC GRILLE, INC**
91 Aquidneck Avenue
Middletown, RI 02842

and

**ROBERT SANCHES, as Trustee of Alice Sanches**
45 Hillside Avenue
Newport, CT 02840

Defendants

**CIVIL ACTION NO.:** CA 05 495T

**COMPLAINT**

Plaintiff, The Netherlands Insurance Company, as Subrogee of Elemental Surf and Skate Shop, through their undersigned attorneys, upon information and belief, hereby allege the following:

**THE PARTIES**

1. Plaintiff, The Netherlands Insurance Company, (hereinafter "Netherlands") is a corporation duly organized and existing pursuant to the laws of the State of New Hampshire with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire and at all material times hereto was authorized to issue insurance policies in the State of Rhode Island.

2. At all times material hereto, plaintiff's insured, Elemental Surf and Skate Shop (hereinafter "Elemental") operated a retail clothing and sports equipment shop in a strip mall in Middletown, Rhode Island.

3. Defendant, Atlantic Grille, Inc. ("Atlantic Grille"), is a corporation duly organized and existing pursuant to the laws of the State of Rhode Island with its principal place of business located at 91 Aquidneck Avenue, Middletown, Rhode Island, and at all times material hereto, was engaged in the business of, inter alia, preparing and serving food to the general public.

4. Defendant, Robert Sanches, as Trustee for Alice Sanches (hereinafter "Sanches"), at all times material hereto, was a citizen and resident of the State of Connecticut, and the owner of the strip mall inhabited by both defendant Atlantic Grille and Elemental.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 in view of the parties' diverse citizenship and the amount in controversy which exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs of this action.

6. Venue is properly laid in this judicial district because the events giving rise to plaintiff's claim occurred in this judicial district.

## FACTS

7. At all times material hereto, plaintiff's insured operated a retail clothing and sports equipment shop located in a strip mall at 89 Aquidneck Avenue, Middletown, RI (hereinafter "the Subject Premises").

8. At all times material hereto, Netherlands provided property insurance coverage under policy number BOF9766078 (hereinafter "the Subject Policy") to Elemental for its business property located at the Subject Premises.

9. At all times material hereto, defendant Atlantic Grille occupied the premises located directly next door to the Subject Premises in the strip mall.

10. At all times material hereto, Sanches owned the strip mall and leased space within it to both Elemental and Atlantic Grille.

11. On or about January 31, 2004 a fire began at the electrical panel box in the Atlantic Grille (hereinafter "the Panel Box").

12. The Panel Box was installed by defendant Atlantic Grille and/or defendant Sanches.

13. None of the defendants ever applied for or received a permit for the installation of the panel box.

14. As a result of the fire at the Atlantic Grille, Subject Premises was infiltrated by smoke and other by-products of the fire thereby causing severe and extensive damage to Elemental's business property.

15. Pursuant to the terms of the above referenced insurance policy with Elemental, Netherlands made payments to their insured in excess of $75,000 to reimburse them for the damages sustained as a result of the fire.

16. In accordance with the common law principles of legal and equitable subrogation, Netherlands is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

**COUNT I: PLAINTIFF V. DEFENDANT ATLANTIC GRILLE**

**NEGLIGENCE**

17. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

18. The fire and resulting damage to plaintiff's insured's property was caused by the negligence, carelessness, gross negligence and/or reckless disregard for the subject property by defendant Atlantic Grille and/or its agents, workmen and/or employees acting within the scope of their employment. Said negligence, carelessness, gross negligence and/or reckless disregard for the subject property consisted of, inter alia, the following:

a) failing to take all necessary precautions to prevent damage to the property of plaintiff's insured;

b) failing to warn plaintiff's insured of the danger to its property when the defendant knew or should have known that such property was at risk of harm from the improperly installed panel box;

c) failing to properly install, service and/or maintain the panel box;

d) failing to hire competent agents, servants, contractors and/or employees to install, service and/or maintain the panel box;

e) failing to obtain a permit from the appropriate government entities for the installation of the panel box;

f) failing to ensure its contractor obtained a permit for the installation of the panel box;

g) failing to ensure its contractor complied with all applicable standards, codes and/or customs within the electrical industry;

h) such other and further negligent acts and omissions which may be revealed through discovery.

19. As a direct and proximate result of the aforesaid negligence, carelessness, gross negligence and/or reckless disregard for the property of others, plaintiff's insured suffered substantial damage to its business property for which it was reimbursed by Netherlands.

**WHEREFORE**, plaintiff, The Netherlands Insurance Company, as Subrogee of Elemental Surf and Skate Shop, demands judgment against defendant, Atlantic Grille, in an amount in excess of $75,000 together with interest and costs.

**COUNT II: PLAINTIFF V. DEFENDANT SANCHES**

**NEGLIGENCE**

20. Plaintiff incorporates the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length.

21. The fire and resulting damage to plaintiff's insured's property was caused by the negligence, carelessness, gross negligence and/or reckless disregard for the subject property by defendant Sanches and/or his agents, workmen and/or employees acting within the scope of their employment. Said negligence, carelessness, gross negligence and/or reckless disregard for the subject property consisted of, inter alia, the following:

a) failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insureds;

b) failing to take all necessary precautions to prevent damage to the property of plaintiff's insured;

c) failing to warn plaintiff's insured of the danger to its property when the defendant knew or should have known that the subject property was at risk of harm from the improperly installed panel box;

d) failing to safely and properly install panel box;

e) failing to hire competent agents, servants, contractors and/or employees to install, service and/or maintain the panel box;

f) failing to obtain a permit from the appropriate government entities for the installation of the panel box;

g) failing to ensure its tenant and/or tenant's contractor obtained a permit for the installation of the panel box;

h) failing to ensure that all applicable standards, codes and/or customs within the electrical industry were complied with during installation of panel box;

i) such other and further negligent acts and omissions which may be revealed through discovery.

22. As a direct and proximate result of the aforesaid negligence, carelessness, gross negligence and/or reckless disregard for the property of others, plaintiff's insured suffered substantial damage to its business property for which it was reimbursed by Netherlands.

**WHEREFORE**, plaintiff, The Netherlands Insurance Company, as Subrogee of Elemental Surf and Skate Shop, demands judgment against defendant, Robert Sanches, as Trustee for Alice Sanches, in an amount in excess of $75,000 together with interest and costs.

Plaintiff,

The Netherlands Insurance Company, as Subrogee of
Elemental Surf and Skate Shop

By its Attorneys,

BY: ______________________________

Marco P. Uriati, Esquire
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INCORPORATED
Ten Weybosset Street – 8th Floor
Providence, RI 02903
Tel.: 401-521-7000
Fax: 401-521-1328

OF COUNSEL
Daniel J. Luccaro, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
215-665-6968