U.S. DISTRICT COURT

DISTRICT OF RHODE ISLAND
C. A. NO.: 05-495T

THE NETHERLANDS INSURANCE COMPANY )
)
v. )
)
ATLANTIC GRILLE, INC., ET AL )

**ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT ROBERT SANCHES, AFFIRMATIVE DEFENSES, AND DEMAND FOR A JURY TRIAL AS TO ALL ISSUES**

Defendant ROBERT SANCHES ("SANCHES"), denying each and every allegation of the plaintiff's complaint unless specifically admitted, answers as follows:

THE PARTIES

As to paragraphs 1 and 2, SANCHES is WITHOUT SUFFICIENT INFORMATION to form a belief as to the truth of the allegations and calls upon plaintiff to prove the same.

As to paragraph 3, SANCHES is not required to file a responsive pleading as such allegations are directed to another party. Any such allegations which may relate to Sanches are DENIED.

As to paragraph 4, SANCHES NEITHER ADMITS NOR DENIES the allegations, and calls upon the plaintiff to prove the same.

JURISDICTION AND VENUE

As to paragraphs 5 and 6, SANCHES is not required to file a responsive pleading as such allegations seek a conclusion of law. To the extent that an answer is required, SANCHES DENIES the allegations.

FACTS

As to paragraphs 7, 9, 12, 13 and 14, SANCHES NEITHER ADMITS NOR DENIES the allegations, and calls upon the plaintiff to prove the same.

As to paragraphs 8, 11 and 15, SANCHES is WITHOUT SUFFICIENT INFORMATION to form a belief as to the truth of the allegations and calls upon plaintiff to prove the same.

As to paragraph 9, SANCHES is not required to file a responsive pleading as such allegations are directed to another party. Any such allegations which may relate to SANCHES are DENIED.

As to paragraph 16, SANCHES is not required to file a responsive pleading as such allegations seek a conclusion of law. To the extent that an answer is required, SANCHES DENIES the allegations.

COUNT I

As to Count I, SANCHES is not required to file a responsive pleading as such allegations are directed to another party. Any such allegations which may relate to SANCHES are DENIED.

COUNT II

As to paragraph 20, as the plaintiff has incorporated the allegations contained in the foregoing paragraphs as though each were set forth fully herein at length, the responses thereto are the same as previously set forth.

As to paragraphs 21 and 22, SANCHES DENIES the allegations.

WHEREFORE, SANCHES denies that the plaintiff is entitled to judgment in any amount and further prays this Honorable Court to enter judgment for him plus costs, interest and attorney's fees.

AFFIRMATIVE DEFENSES

1. By way of affirmative defense, SANCHES says that the plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The injuries and/or damages of the plaintiff were caused, if at all, by the act or acts and/or omission or omissions of an independent third party or independent third parties for whose conduct SANCHES is not legally responsible.

3. Without assuming the burden of proof by doing so, SANCHES asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injuries or damages complained of and SANCHES asserts all applicable defenses relating to comparative and contributory negligence.

4. Without assuming the burden of proof by doing so, SANCHES asserts the affirmative defense of "assumption of the risk" as against the plaintiff's complaint, and as such, the plaintiff's insured assumed the risk of sustaining the alleged injuries complained of in the plaintiff's complaint and under such circumstances, the plaintiff may not recover against SANCHES.

5. The plaintiff's injuries or damages, if any, were the result of its insured's own negligence or other causes unknown to SANCHES.

6. In the event that the plaintiff suffered injuries or damages as a result of the incident described in the complaint (which allegations are specifically denied), SANCHES avers that such injuries or damages were not caused directly or indirectly by any act or omission of SANCHES, but such injuries or damages, if any, were caused by the intervening acts or omissions of persons and/or entities other than SANCHES, for which acts or omissions SANCHES is not liable.

7. By way of affirmative defense, SANCHES says that the negligence of the plaintiff's insured was the sole cause of the plaintiff's alleged injury, and therefore the plaintiff is barred from recovery.

8. By way of affirmative defense, SANCHES says that he asserts as an affirmative defense each and every such affirmative defense asserted by any other defendant.

9. By way of affirmative defense, SANCHES states that because discovery is just beginning, he reserves the right to assert additional affirmative defenses.

10. SANCHES reserves such further affirmative defenses which may exist, but of which he may not be aware, which may appear hereafter during discovery, trial, or otherwise.

## CROSS CLAIM AS TO ATLANTIC GRILLE, INC.

### COUNT I

1. The defendant/cross claim plaintiff SANCHES says that if he is liable to the plaintiff as alleged in the plaintiff's Complaint, such liability which SANCHES specifically denies, the defendant/cross claim defendant Atlantic Grille, Inc., as a result of its negligence, directly or by an agent, caused plaintiff's Complaint to arise by causing tortious injury by an act or omission.

2. More specifically, cross claim defendant, or some one for whose acts it is liable, or some or all of the foregoing, negligently failed to inspect, maintain and repair the premises as alleged by the plaintiff, and failed to warn plaintiff of the alleged dangerous condition which it knew or in the exercise of reasonable care should have been aware of, causing the accident which is the subject of plaintiff's Complaint.

3. If SANCHES is liable to plaintiff, then cross claim defendant as a result of its negligence is a joint tortfeasor and therefore responsible for an applicable share of any damages awarded to plaintiff.

### COUNT II

1. Paragraphs 1-3 of Count I are incorporated herein and made a part of this Count.

2. At all relevant times, there was between SANCHES and defendant/cross claim defendant Atlantic Grille, Inc., a contract whereby the defendant/cross claim defendant was obligated, and remains obligated, to defend, indemnify and hold harmless, and maintain insurance to protect SANCHES from and against any and all loss, cost, damage or expenses arising out of bodily injury or personal injury, such as alleged by plaintiff.

WHEREFORE, SANCHES demands judgment against defendant/cross claim defendant for any and all sums for which SANCHES may become liable to plaintiff, including interest and costs, by way of indemnity and/or contribution and/or contract.

DEFENDANT SANCHES DEMANDS A JURY TRIAL AS TO ALL ISSUES.

Defendant,
ROBERT SANCHES,
By his attorney,

Benjamin A. Pushner
RI Bar #: 5565
Law Office of Pamela Storm
10 Post Office Square, Suite 1155
Boston, MA 02109
(617) 556-0200

**CERTIFICATE OF SERVICE**

Marco P. Uriati, Esq.
Roberts, Carroll, Feldstein & Peirce
Ten Weybosset Street, 8th Floor
Providence, RI 02903

Daniel J. Lucaro, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Ronald P. Langlois, Esq.
Smith & Brink, P.C.
One State Street, Suite 400
Providence, RI 02903

I hereby certify that I caused a true and accurate copy of the foregoing document to be sent via regular mail, postage pre-paid, to the above listed counsel.

Dated this 15th day of Feb, 2006. [signature]